By the Court—Woodruff, J.
This case being now before us on appeal from the judgment only, we have only to consider the exceptions which were duly taken at the trial.
The counsel for the appellants have made and argued some points relating to the sufficiency of the proofs, which, however proper on the motion for a new trial, are not open to consideration here as a ground of reversal. The defendants not having appealed from the order denying a new trial, must be taken to have acquiesced in the propriety of such denial, and therefore to have waived all grounds for a new trial, except such questions of law as, under the exceptions taken, may be raised on an appeal from the judgment.
The answer of the defendants distinctly averred, as a defense, that the property for the use whereof the action is brought, was in the possession and use of Messrs. -Rider & Brothers, in October, November and December, 1848, when the defendants purchased from them all their machinery, tools, steam curers, &c., &c., used by them in their manufactory, for the sum of $30,000. That such purchase embraced all the articles in controversy here; that the plaintiff, Trotter, acted in such purchase as the defendants’ President, and that the defendants took possession as purchasers, with the consent of the plaintiffs and Rider & Brothers, and in the belief that all of such articles were included in such purchase, and that the plaintiffs themselves, while acting officers of the defendants, until after January, 1852, used the articles in question. And the defendants deny that they have had or used any property named in the complaint, except as purchasers as aforesaid, with the knowledge and consent of the plaintiffs.
These facts, in substance, the defendants offered to prove on the trial; and the Court held that, as between the parties to this suit, the question of title had been passed upon in the former suit, and that the defendants could not now claim as purchasers.
And yet, the Court charged the jury, that if the articles in question were intended by Rider and Trotter, (assignees,) to pass under the purchase of the articles in use by Rider & Brothers, and they were received and used by the defendants, as purchasers, supposing they were purchasers, the defendants are not liable.
We are of opinion, that the principle of this direction to the jury is correct, and if there was no error in that direction, and *176 if the ruling of the Court, that “ the defendants could not now claim as purchasers,” is to be taken as an exclusion of evidence that the property was purchased by the defendants, from Rider & Brothers, and under circumstances which forbid these plaintiffs to set up title in. themselves, i. e., if it was an exclusion of evidence tending to'prove the facts alleged in the defendants’ answer, then it seems inevitable that the ruling that the defendants could not now claim as purchasers, was erroneous.
If Messrs. Trotter and Rider acted for the defendants, as their officers, in making a purchase of the property of Rider & Brothers, and included therein the articles in question; or, if they acquiesced in the payment of the $30,000 by the defendants, and consented to their taking possession and using the articles, under the belief that such articles were included in that purchase, then the plaintiffs, (Trotter and Rider,) are concluded. They are estopped to claim title in themselves, as assignees of Goodyear & Ely. To permit them to make such a claim would operate as a fraud upon the defendants, and this principle is substantially recognized in the charge. In this view of the transaction, the defendants acquired a title to the property which the plaintiffs cannot gainsay nor deny. The title was not, it is true, acquired by purchase from the plaintiffs, but it was acquired- by purchase from Rider & Brothers, under circumstances which forbid the plaintiffs to allege that Rider & Brothers were not the owners.
The judgment record given in evidence by the plaintiffs was conclusive as between the parties, upon the question determined thereby, to wit: that the defendants had not purchased these articles from the plaintiffs.
But it did not in anywise prove that the defendants had not title to the property acquired by the purchase from Messrs. Rider & Brothers, under the circumstances above suggested. The defendants did not, in this action, claim by purchase from the plaintiffs, but only that they acquired title, as purchasers, by virtue of the transaction with Rider & Brothers, and the acts and consent of the plaintiffs in relation thereto. Although the record of the former judgment was a bar to proof of title by purchase from the plaintiffs, it did not preclude proof of title-acquired in any other manner.
*177 We think, therefore, that a rejection of evidence to prove that the defendants purchased the property, and a ruling that the question of title to the articles, as purchasers, had been passed upon so that the defendants coutd not now claim as purchasers, if understood to exclude proof of the facts set forth in the answer, was not only inconsistent with the charge, but was erroneous.
But on the other hand, it would seem, from some of the evidence which was afterwards given, that the ruling on the trial was understood at the time as merely excluding evidence of a purchase from the plaintiffs, and the Court did certainly submit to the jury the question whether the parties respectively did, at the time, intend that the articles should pass under the purchase from Rider & Brothers, and whether the defendants received the same as purchasers. As already observed, this is so inconsistent with the exclusion of any evidence of title in the defendants, as certainly to indicate that the judge himself did not intend any such exclusion, and to create great doubt whether he was so understood.
Counsel, on the argument of this appeal, differ entirely upon the construction of the ruling, and the points of the appellants assume that the defendants were not permitted to prove that they acquired a title which the plaintiffs were not at liberty to deny. We have no hesitation in saying that the ruling, as intended by the judge at the time, (as we gather that intention from the whole aspect of the case, and also from his recollection of the views by which he was governed,) was correct, and that the defendants could not defend by setting up a title acquired by purchase from the plaintiffs.
And yet, as the case is settled and laid before us on this appeal^ the offer and the ruling are susceptible of the construction first above considered, and we ought not, perhaps, to say that the defendants’ counsel may not have so understood it.
We hesitate the more in overruling the exceptions taken, because we find that in another particular the defendants have been plainly prejudiced.
The jury were charged that if the property in question did not pass under the purchase from Rider & Brothers, and if the defendants had used the articles until they had become valueless, they must answer for their value, or for the value of their use.
*178 Taking the case most favorably for the plaintiffs, they had permitted the defendants to use the articles until a portion of them had been rendered of no value. In this there was, therefore, no ground for charging the defendants with the value of the articles as for a tortious conversion. And when at length the plaintiffs demanded the goods, the defendants permitted them to take all that were of any value. So that the defendants were not chargeable at all as tort feasors, and the plaintiffs were not liable for the value of the articles as such.
Under the proofs, all that the plaintiffs had a right to claim was the value of the use for six years next before the action-was brought.
The jury were told, in another clause of the charge, that the statute of limitations applies to all the period anterior to six years before the beginning of the suit. And yet, under the direction which permitted the jury to give the plaintiffs the value of the articles, the statute of limitations could not be applied to the case, and accordingly the jury appear to have given to the plaintiffs the full value of the articles at the time they came into the possession of the defendants.
The articles came to the defendants’ possession about eight years before this action was commenced. Ho evidence was given of the value of their use, unless such value could be inferred from the testimony showing the probable annual depreciation in value from the use, and the fact that during the period of use some of the articles had been worn out and become valueless. It may, perhaps, be a just presumption, that in the.ordinary course of business, the use of an article voluntarily procured and used for the. purposes of a manufacture, is worth at least its ordinary deterioration by such use. But such a presumption is by no means conclusive, and would not warrant a charge that, as matter of law, the plaintiffs were entitled to recover the value of the articles.
By whatever testimony the jury were to arrive at the fair value of the use, finding the value of the articles themselves, as and. for the value of the use, precluded the application of the statute, which only allowed a recovery for the use for six years.
We allude to this branch of the case not for the purpose of recognizing the exception taken to the charge in this respect as a *179 sufficient exception—the exception was too general; it was in terms to the whole charge—but because it may be useful on another trial,"which, in view of the other exception before noticed, we think should be had. (4 Seld., 37; 4 Kern., 315.)
Judgment reversed and new trial ordered, costs to abide the event.